HALL, Judge.
This is a suit by Clifton J. Bonvillian individually and on behalf of his minor son, Clifton, Jr., seeking to recover damages *41 for personal injuries sustained by his son and for medical and other expenses incurred by him in connection therewith. The suit arises out of a collision between the boy’s bicycle and an automobile driven by Mrs. Theda D. Dauphin, wife of Norman Dauphin. The defendants are Mr. and Mrs. Dauphin and their liability insurer. From an adverse judgment dismissing his demands, plaintiff appealed.
The accident occurred about 4 P.M. August 28, 1961 on Jefferson Highway in the neighborhood of a supermarket located on the lake side of the highway between Harahan and Kenner.
Clifton Bonvillian, Jr., aged 10 (practically 11), and his playmate Gregory Dickens, aged 9, were sent by Clifton’s mother to the neighborhood supermarket to get some empty cardboard boxes in which to store clothing. Both of the boys were riding bicycles. After procuring the boxes and while attempting to cross the highway from the parking area of the supermarket, the Bonvillian bicycle collided with an automobile which was being operated on the highway by the defendant, Mrs. Theda D. Dauphin. As a result of the accident young Clifton sustained a broken left leg and other injuries.
The supermarket is set back some distance from the highway leaving an open parking area in front for the use of its customers. One of the exits from the parking lot leads into the highway on the up-river or Kenner side of the supermarket. The collision took place on the paved portion of the highway just opposite this exit.
Some of the facts are in dispute but the following is clear: After young Bonvillian and his companion emerged from the supermarket, each in possession of a cardboard packing box, they got on their bicycles and proceeded toward the exit with the boxes over their heads. Whether they were completely blinded by the boxes or whether they cut eye holes in them or whether they held them on their heads in such manner that they had some vision is in dispute but is immaterial.
At about this time Mrs. Dauphin was driving her car on the highway from the direction of Harahan towards the direction of Kenner proceeding at IS to 20 miles per hour (speed limit 35 miles per hour). As she approached the supermarket area and when she was about half a block from the Kenner side exit she noticed the boys “fooling around” with boxes. They were then inside the parking lot 15 to 20 feet from the highway. Mrs. Dauphin applied her brakes and reduced her speed but seeing the boys had stopped (according to her testimony) and were not coming out into the highway she resumed her former speed. When she was within a car length of the exit the Bonvillian boy, riding his bicycle with the box over his head, suddenly dashed out toward the highway. Mrs. Dauphin slammed on her brakes and came to an immediate stop but the collision occurred.
The point of impact was on the extreme right of the paved portion of the highway opposite the parking lot exit. The testimony of the witnesses and the position of the automobile, the injured boy, and his bicycle immediately after the impact, leave no doubt that the Bonvillian bicycle had run into the automobile striking it midway the right side of the right front fender.
There were very few cars parked in the lot at the time and Mrs. Dauphin’s view of the boys was unobstructed and continuous from the time she first saw them. Except for the boxes on their heads there was no reason the boys could not have seen Mrs. Dauphin’s car.
Mrs. Dauphin testified that when she first saw the boys they were both stopped inside the parking lot 15 to 20 feet from the highway and were “fooling around with boxes.” This prompted her to resume her former speed. The testimony is conflicting as to whether the Bonvillian boy ever stopped his bicycle from the time he left the supermarket door. However, it is clear that his companion did stop to ad *42 just his box, at which time he saw the Dauphin car approaching. The Trial Judge found that both boys had stopped and we find no manifest error in such holding.
There is also some testimony by a Deputy Sheriff who investigated the accident that he found 46 feet of skid marks caused by the Dauphin car, but he also testified he measured the marks from the front of the car “back to where they started” and that they were not true skid marks but “drag marks” through some wet shells which had gotten onto the pavement from the shoulder of the highway.
</ Plaintiff’s counsel contends that Mrs. Dauphin was negligent for not sounding her horn to warn the boys of her approach. No one heard her horn and she did not recall whether or not she sounded it.
In his “Reasons for Judgment” the Trial Judge said:
“Under the circumstances of the case, the sounding of the horn, or the failure to do so is of no importance. The defendant’s action of reducing her speed to less than IS miles per hour upon discovering the presence of the boys, clearly established her intention of coming to a complete stop and granting the right of way to these children, if their actions would have indicated their intention to cross the highway. It was only after she observed that they were not moving toward the highway that she accelerated her speed to 15 miles per hour, the rate she was travelling before the accident. Mrs. Dauphin was not content to sound her horn to merely warn Bonvillian and his companion of her approaching car, but was willing to completely stop and give them the right-of-way had they in any manner indicated their intention of entering the highway. When she observed the boys were stopped, she could reasonably assume they were aware of her approaching car * * * Her resumption of speed under the existing circumstances was a reasonable act.”
 After a careful consideration of the record we are of the opinion that Mrs. Dauphin was not guilty of any negligence. Assuming arguendo that there was negligence on her part the plaintiff is barred from recovering by the contributory negligence of his son. The boy’s negligence is conceded by plaintiff’s counsel.
We are also of the opinion that Mrs. Dauphin did everything possible to avoid the accident after seeing the boy coming out from a position of safety. There is nothing in the record tending to show that she had any opportunity to avoid it.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.